UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ASUNCION NERI-CANDELARIA, Individually )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>)<br>)<br>ORENSANZ EVENTS, LLC, ARBOL 172, )<br>ESTATE OF AL ORENSANZ, ANGEL ORENSANZ, )<br>ANGEL ORENSANZ AS EXECUTOR OF ESTATE )<br>OF AL ORENSANZ, )<br>and ANGEL ORENSANZ FOUNDATION, INC. )<br>)<br>)<br>Defendants. )<br>) | Index No.: _____<br><br>**COMPLAINT**<br>**JURY TRIAL**<br>**DEMANDED** |

---

Asuncion Neri-Candelaria (herein "Plaintiff"), by her attorneys, Katona & Mir LLP, as and for her Complaint, alleges as follows:

## OVERVIEW OF THE ACTION

1. This cause of action stems from Orensanz Events, LLC, Angel Orensanz, the Estate of Al Orensanz, Angel Orensanz as Executor of the Estate of Al Orensanz, and the other Defendants' knowing and willful violation of New York Labor Law ("NYLL"), the Fair Labor Standards Act ("FLSA"), and breach of contract in connection with Plaintiff's employment.

2. During her seventeen years of employment with Defendants, Plaintiff consistently worked six days a week, over forty hours a week, and at times over ten hours a day. On or about June of 2014 she agreed, at her employer's request, to delay all or part of her salary for a certain time

1

period, on the promise that she would be paid back. For these time periods, she was either not compensated at all, or was compensated less than her regular salary. She is now owed back pay for the time period in which her entire salary was unpaid and for the time period in which part of her salary was unpaid. In the alternative, she qualifies under the NYLL and FLSA and is thus owed minimum wage and overtime and spread of hours pay.

## THE PARTIES

3. Plaintiff Asuncion Neri-Candelaria, was employed by Orensanz Events, LLC ("Orensanz Events") at 172 Norfolk Street, New York, NY 10002 from approximately January of 2000 to October of 2016.

4. Upon information and belief, Defendant Orensanz Events is a Limited Liability Company organized under the laws of the State of New York with business addresses at 142 Ludlow Street, Apt. 3B, New York, New York 10002 and 172 Norfolk St., New York, New York 10002. Upon information and belief, Ms. Candelaria was employed by Orensanz Events LLC, however she performed employment duties for all of the Corporate Defendants.

5. Arbol 172 and Angel Orensanz Foundation, Inc. ("Angel Orensanz Foundation") (collectively with Orensanz Events, "Corporate Defendants") were two other entities affiliated with Orensanz Events and under the same ownership as Orensanz Events.

6. Upon information and belief, Defendant Arbol 172 is a corporation organized under the laws of the State of New York with a business address at 172 Norfolk Street, New York, New York, 10002.

7. Upon information and belief, Defendant Angel Orensanz Foundation is a corporation organized under the laws of the State of New York with a business address at 172 Norfolk

Street, New York, New York, 10002.

8. Upon information and belief, the Estate of Al Orensanz ("Estate") is a fifty percent owner in Corporate Defendants. Al Orensanz ("Al") was the Director and President of Orensanz Events LLC and made hiring, firing, supervisory, and managerial decisions for Defendants. Al passed away on or about July 23, 2016 and is succeeded by the Estate.

9. Upon information and belief, Angel Orensanz ("Angel"), who upon information and belief, is the brother of Al, is a fifty percent owner of Corporate Defendants, and Executor of the Estate. Upon information and belief, Angel made hiring, firing, supervisory, and managerial decisions for Defendants.

10. Plaintiff was Defendants' employee within the meaning of the NYLL and FLSA.

## STATEMENT OF FACTS

11. Asuncion Neri-Candelaria, a seventy year old woman, began working at Corporate Defendants on or about January of 2000, as an Assistant Director of Events. On or about January 2005, Ms. Candelaria became the Director of Events.

12. Upon information and belief, the Angel Orensanz Center, located at 172 Norfolk Street, is a century-old historical landmark and event space that is run by the Corporate Defendants- Al and Angel.

13. During her employment, Ms. Candelaria's primary duties included (but were not limited to) coordinating, selling, managing, and directing the event planning at the Defendants' venue, generally managing the venue, office, bills, vendors and contracts, and coordinating staff.

14. From approximately 2000 to 2010, Ms. Candelaria's salary was $1500 per week. From

approximately 2010, her salary increased to $2000 per week. During all relevant periods of this law suit, namely June 19, 2014 to Ms. Candelaria's last day on October 9, 2016, Ms. Candelaria's agreed upon salary was $2000 per week.

15. Ms. Candelaria worked six (6) days a week – Tuesday through Sunday. Her schedule on days when there were not events was from 12pm or 1 pm until 9 pm or 10 pm. Ms. Candelaria worked approximately nine (9) to ten (10) hours per day on days when there were no events.

16. On days when there were events, she worked approximately 14 hours a day from approximately 1pm to 2 or 3 a.m.

17. On or about March 2014, the New York City Department of Buildings issued to the building, located at 172 Norfolk Street, New York, NY 10002, an Environmental Control Board construction violation for failure to maintain the building in code, and thus, Orensanz Events was not permitted to host events until the violation was rectified.

18. Upon information and belief, Al became worried about cash flow and asked Ms. Candelaria if she would agree to continue to work full time but delay her salary. In addition to needing her to continue in her general duties, he needed Ms. Candelaria to serve as a point person to rectify the Environmental Control Board violation, coordinate with the engineers, and coordinate with inspectors. He asked her if she would agree to delay her salary of $2000 per week for approximately six (6) months until Orensanz Events was able hold events again in or about April of 2015. He stated that she would be repaid the delayed salary once the events started again the following Spring, and that her salary would also continue at the original $2000 a week. Ms. Candelaria agreed. Al Orensanz reiterated that once the events started, Defendants would both resume her regular salary plus pay her the back pay owed.

4

19. Ms. Candelaria, fully expecting to receive her back pay the following spring, continued working her full schedule for Defendants with no compensation. She was working, so she did not apply for unemployment. She also did not take other job opportunities due to her reliance on this promise.

20. Ms. Candelaria could have sought and obtained another job, as she has much experience in the event industry, but she did not seek additional employment because of her agreement with Al. Ms. Candelaria also could have stopped working and applied for unemployment, but she did not file for unemployment because of her reliance on the promise that she would be paid if she continued working.

21. From June 19, 2014 to April 16, 2015 ("first time period"), Ms. Candelaria continued to work for Orensanz Events for six (6) days a week – Tuesday to Sunday. She worked for approximately ten (10) hours per day.

22. Ms. Candelaria's responsibilities continued to be planning and coordinating events, arranging cancelations due to the violations, taking clients on tours, administering contracts, and liaising with clients and potential clients. Moreover, she was the liaison for the contractors, engineers, and inspectors. She also took care of Al when he was ill due to various health issues.

23. During the first time period, Ms. Candelaria was not paid any amount for any of her work, though, per her agreement, her salary of $2000 a week was to be delayed...

24. On or about April 23, 2015, Orensanz events started booking events again. Ms. Candelaria began to receive a reduced salary of $500 per week from approximately April 23, 2015 until September 30, 2016 ("second time period"), however, by agreement with Al, her salary remained in effect at $2000 per week, and she would be reimbursed the $1500 deduction

for all weeks that her salary was reduced to $500.

25. The first event to take place after the violation was in May of 2015.

26. Clients pay for events approximately two (2) months in advance. Clients pay approximately eighteen thousand five hundred dollars ($18,500) for use of the event space for a twelve (12) hour event. Upon information and belief, Orensanz Events generates approximately $60,000 per month.

27. Al, who developed cancer in 2012, started having increased health problems from 2014 to 2015, and on or about July 23, 2016, Al died.

28. After Al passed, Ms. Candelaria asked Defendant Angel, the other co-owner of Corporate Defendants, for the back pay that she was owed.

29. Angel's response to Ms. Candelaria was that he had spoken with the accountant the prior week, and that "the accountant will contact [Ms. Candelaria] directly asap [sic]." The accountant did not contact Ms. Candelaria to discuss payment of salary and back pay, despite the many requests Ms. Candelaria sent to Defendant Angel.

30. Ms. Candelaria has not received any of the $2000 weekly payments owed for the first time period, and did not receive any compensation for working six (6) days a week and approximately ten (10) hours a day for this time period. Furthermore, she has not received any back pay of the approximately $1500 per week owed for the second time period.

31. Upon information and belief, Defendant Angel, the only living owner of Corporate Defendants, continued compensating himself during the first and second time periods, and afterwards.

32. Ms. Candelaria's employment terminated on or about October 9, 2016.

33. In blatant violation of the law, Defendants did not pay Ms. Candelaria for her last week of employment when it was due, despite her many requests to obtain payment. Defendants finally sent Ms. Candelaria her last paycheck on or about November 18, 2016, over a month after her termination.

34. Ms. Candelaria's was on Defendants' company health care plan through Oxford until October 31, 2016.

35. In blatant violation of the law, and despite numerous requests, Defendant Angel did not provide Ms. Candelaria with her health care continuation forms that are required under state and federal law, in order for Ms. Candelaria to continue on the company's health care plan.

36. Ms. Candelaria was not given a notice of her pay even though it was legally required since April of 2011.

37. Ms. Candelaria was not given any wage statements for the first time period.

## FIRST CAUSE OF ACTION
### Failure to Provide Pay Statements Violation
### (NYLL § 195.3)

38. Plaintiff alleges and realleges the paragraphs above, and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

39. During the first time period, Defendants knowingly, willfully, and intentionally failed to provide Plaintiff with a statement of her wages, including but not limited to: the dates of work covered by that payment of wages; and the Plaintiff's rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other. New York Labor Law § 195.3.37. Due to these NYLL violations, Plaintiff is entitled to recover from Defendants, jointly

and severally, $250 per day of employment from the beginning of her employment for each day Defendants failed to provide Plaintiff with such written notices, not to exceed $5000, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law
### (NYLL § 195 (1))

40. Plaintiff alleges and realleges the paragraphs above.

41. During the first time period, Defendants have failed to provide Plaintiff with a written notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

42. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorney's fees.

## THIRD CAUSE OF ACTION
### Federal Minimum Wages Violation
### (Fair Labor Standards Act, 29 U.S.C. § 206(a))

43. Plaintiff alleges and realleges paragraphs above.

44. Defendants were Plaintiff's employers within the meaning of 29 U.S.C. § 203(d).

45. Defendants failed to compensate Plaintiff at the applicable hourly minimum wage in violation of 29 U.S.C. § 206(a).

46. Defendants' violations of the FLSA, as described in this complaint, were willful.

47. Due to these FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, all in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### State Minimum Wages Violation
### (New York Labor Law Article 19 § 652)

48. Plaintiff alleges and realleges the paragraphs above.

49. Plaintiff was an "employee" within the meaning of 12 NYCRR § 142-2.14.

50. Defendants were employers within the meaning of NYLL §§ 651(6) and 190(3).

51. Defendants knowingly, willfully, and intentionally failed to compensate Plaintiff the applicable minimum hourly wage in violation of N.Y. Lab. Law § 652.

52. Pursuant to N.Y. Labor Law §§ 198.1-a and 663, an employer who willfully fails to pay wages required by the Minimum Wage Act shall be liable, in addition to the amount of any under-payments, for liquidated damages equal to one hundred (100) percent of the total of such under-payments found to be due to the employee.

53. Due to these NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid wages and an amount equal to one hundred (100) percent of her unpaid wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### Federal Overtime Violation
### (Fair Labor Standards Act, 29 U.S.C. § 207(a) (1))

54. Plaintiff alleges and realleges the paragraphs above.

55. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and one-half times either the regular rate of pay or the minimum wage rate to which she is entitled, whichever was higher, in violation of 29 U.S.C. § 207(a)(1).

56. Defendants' violations of the FLSA as described in this complaint have been willful. Due to these FLSA violations, Plaintiff is entitled to recover from the Defendants, jointly and severally, for unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, all in the amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### State Overtime Violation
### (New York Labor Law Article 19 § 650)

57. Plaintiff alleges and realleges the paragraphs above.

58. Defendants knowingly, willfully, and intentionally failed to pay Plaintiff overtime pay for hours worked in excess of forty (40) hours a week at a rate of one and one-half times the regular hourly rate, which must be equal to or greater than the minimum wage as set forth in N.Y. Labor Law § 650, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

59. Pursuant to N.Y. Labor Law §§ 198.1-a and 663, an employer who willfully fails to pay overtime required by the Minimum Wage Act shall be liable, in addition to the amount of any under-payments, for liquidated damages equal to one hundred (100) percent of the total of such under-payments found to be due the employee.

60. Due to these NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime compensation, and an amount equal to one hundred (100) percent of her unpaid wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### Spread of Hours Pay Violation

61. Plaintiff alleges and re-alleges the paragraphs above.

62. Defendants regularly and knowingly required Plaintiff to be at work in excess of ten (10) hours per day.

63. Defendants knowingly, willfully, and intentionally failed to pay Plaintiff one extra hour's pay at minimum wage for every day in which the interval between Plaintiff's start and end times exceeded ten hours, in violation of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

64. Because of Defendants' willful violation of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
### Failure to Pay Wages
### (New York Labor Law Article 19 § 190)

65. Plaintiff alleges and realleges the paragraphs above.

66. During the first time period, Plaintiff was an employee within the meaning of § 190(2) and 190 (7).

67. Defendants were employers within the meaning of NYLL §§ 651(6) and 190(3).

68. As such, Plaintiff was entitled to wages within the meaning of NYLL §190(1) for services she rendered during the first time period and second time period.

69. During the first time period and second time period, Defendants knowingly, willfully, and intentionally failed to pay Plaintiff's agreed upon wages at least semi-monthly, pursuant to N.Y. Labor Law § 191(d), and as such, Plaintiff is entitled to back pay for services rendered.

70. Due to these NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid wages and an amount equal to one hundred (100) percent of her unpaid wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
**Frequency of Payments**
**(New York Labor Law Article 19 § 191)**

71. Plaintiff alleges and realleges the paragraphs above.

72. During the first time period, Plaintiff was an employee within the meaning of § 190(2) and 190 (7).

73. Defendants were employers within the meaning of NYLL §§ 651(6) and 190(3). During the first time period, Defendants knowingly, willfully, and intentionally failed to pay Plaintiff's agreed upon wages at least semi-monthly, pursuant to N.Y. Labor Law § 191(d).

74. Due to these NYLL violations, Plaintiff is entitled to recover from Defendants, jointly

and severally, her unpaid wages and an amount equal to one hundred (100) percent of her unpaid wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## TENTH CAUSE OF ACTION
### (NYLL § 193)

75. Plaintiff alleges and realleges the paragraphs above.

76. During the first time period, Plaintiff was an employee within the meaning of § 190(2) and 190 (7).

77. Defendants were employers within the meaning of NYLL §§ 651(6) and 190(3).

78. During the first time period and second time period, Defendants knowingly, willfully, and intentionally failed to pay Plaintiff's expressly agreed upon wages for services rendered, which constitutes an improper deduction from wages within the meaning of NYLL § 193(1).

79. Due to these NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid wages and an amount equal to one hundred (100) percent of her unpaid wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## ELEVENTH CAUSE OF ACTION
### (Breach of Contract)

38. Plaintiff alleges and realleges the paragraphs above.

39. Defendants knowingly, willfully, and intentionally failed to pay Plaintiff's agreed upon wages for a full time work week.

40. The Defendants agreed to compensate Plaintiff her regular salary of $2000 per week for

the time periods relevant to this Complaint, if she continued working.

41. Plaintiff continued working for the periods relative to this Complaint.

42. The Defendants failed to compensate Plaintiff the $2000 a week of salary that they agreed to, and failed to pay back wages owed.

43. Due to these breaches of contract, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid compensation.

## TWELFTH CAUSE OF ACTION
### (Promissory Estoppel)

80. Plaintiff alleges and realleges the paragraphs above.

81. Defendants unambiguously promised to pay back Plaintiff the agreed upon wages of $2000 per week of work if she continued to work and accepted reduced payment or no payment until Defendants started holding events again.

82. Plaintiff detrimentally relied on Defendants' unambiguous promise by accepting the terms of the promise and working full time and overtime during the first time period and second time period in reliance on the promise she would be paid for her work.

83. Moreover, Plaintiff did not file for nor receive unemployment benefits and did not pursue other job opportunities in reliance of this promise.

84. Plaintiff was never paid her promised back pay.

## THIRTEENTH CAUSE OF ACTION
### (Sections 3221, 4304 and 4305 of the New York State Insurance Law)

85. Plaintiff was covered under the Defendants' health care plan while she was employed by Defendants.

86. Plaintiff's health insurance ended on October 31, 2016, after her employment was

terminated on October 9, 2016.

87. Upon termination, Plaintiff requested that Defendant Angel Orensanz, the only living owner of Corporate Defendants and executor of the Estate of Al Orensanz, the other owner of Corporate Defendants, provide employment information on a health care continuation form so that she could be eligible for continued medical insurance.

88. Defendant Angel Orensanz refused to sign such form despite numerous requests from Plaintiff.

89. Plaintiff suffered damages due to lack of continuation of health care.

WHEREFORE, it is respectfully requested that Plaintiff have judgment against Defendants as follows:

    a. Declaring Defendants' conduct complained of herein to be violation of Plaintiff's rights under New York Labor Law § 195.3;

    b. Declaring Defendants' conduct complained of herein to be violation of Plaintiff's rights under New York Labor Law §195(1);

    c. Declaring Defendants' conduct complained of herein to be violation of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. § 206(a) and §207(a);

    d. Declaring Defendants' conduct complained of herein to be violation of Plaintiff's rights under the New York Labor Law Article 19 § 650 and 652;

    e. Declaring Defendants' conduct complained of herein to be violation of Plaintiff's rights under 12 N.Y.C.R.R. § 142-2.4;

    f. Declaring Defendants' conduct complained of herein to be violation of Plaintiff's

rights under New York Labor Law § 190, § 191, and § 193;

g. Declaring Defendants' conduct complained of herein to be a violation of Plaintiff's rights under New York State Insurance Law;

h. Declaring Defendant's conduct to be a breach of contract;

i. Entering a judgment in favor of Plaintiff;

j. Awarding Plaintiff compensatory damages;

k. Awarding Plaintiff punitive damages;

l. Awarding Plaintiff liquidated damages;

m. Awarding reasonable attorney's fees, costs, and expenses; and

n. Ordering such other and further relief that the Court deems just and proper.

Dated: January 18, 2017
New York, NY

By: _____
Samiya Mir
Katona & Mir LLP
Attorneys for Plaintiff
40 Fulton Street, 23rd Floor
New York, NY 10038
(212) 944-1529
smir@katonamir.com