UNITED STATES DISTRICT COURT
SOUTHERN DISTRCIT OF NEW YORK
------------------------------------------------------------------------X

MARIA NERI-CANDELARIA,

                         Plaintiff,

       -against-                                        17-CV-00407 (PGG)

ORENSANZ EVENTS, LLC, ARBOL 172,
ESTATE OF AL ORENSANZ, ANGEL
ORENSANZ, ANGEL ORENSANZ AS
EXECUTOR OF ESTATE OF AL ORENSANZ,
and ANGEL ORENSANZ FOUNDATION, INC.

                         Defendants.

------------------------------------------------------------------------X

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

       Defendants Orensanz Events, LLC, Arbol 172, "Estate of Al Orensanz", Angel Orensanz

as Executor of the Estate of Al Orensanz, Angel Orensanz, and Angel Orensanz Foundation, Inc.

("Defendants" herein), by their attorneys NORRIS McLAUGHLIN & MARCUS, P.A., for their

Answer, Affirmative Defenses and Counterclaims to the Complaint herein, plead as follows:

       1.       Paragraph 1 pleads legal conclusions as to which no answer is required, and in all

other respects Defendants lack knowledge or information sufficient to form a belief as to whether

this action "stems from" the items alleged.

       2.       Defendants deny the allegations of Paragraph 2, except that they admit that all

actions taken by Defendant with respect to her compensation were agreed to by her and

voluntary.

       3.       Defendants admit the allegations of Paragraph 3.

4.      Defendants deny the allegations of Paragraph 4, except admit the allegations as to the facts regarding Orensanz Events LLC.

5.      Defendants deny the allegations of Paragraph 5.

6.      Defendants admit the allegations of Paragraph 6.

7.      Defendants admit the allegations of Paragraph 7.

8.      Defendants deny the allegations of Paragraph 8, except admits that Al Orensanz passed away on or about July 23, 2016.

9.      Defendants deny the allegations of Paragraph 9, except admits that Angel Orensanz is the brother of Al Orensanz, and is Executor of the Estate of Al Orensanz.

10.     Defendants deny the allegations of Paragraph 10.

11.     Defendants deny the allegations of Paragraph 11 insofar as they purport to represent a complete description of Plaintiff's responsibilities.

12.     Defendants deny the allegations of Paragraph 12.

13.     Defendants deny the allegations of Paragraph 13, except admits that Plaintiff's responsibilities included, but were not limited to, those described as to Orensanz Events, LLC.

14.     Defendants deny the allegations of Paragraph 14.

15.     Defendants deny the allegations of Paragraph 15.

16.     Defendants deny the allegations of Paragraph 16.

17.     Defendants deny the allegations of Paragraph 17.

18.     Defendants deny the allegations of Paragraph 18.

19.     Defendants deny the allegations of Paragraph 19.

20.     Defendants deny the allegations of Paragraph 20.

21.     Defendants deny the allegations of Paragraph 21.

22.     Defendants deny the allegations of Paragraph 22 as characterized.

23.     Defendants deny the allegations of Paragraph 23.

24.     Defendants deny the allegations of Paragraph 24.

25.     Defendants deny the allegations of Paragraph 25.

26.     Defendants deny the allegations of Paragraph 26.

27.     Defendants deny the allegations of Paragraph 27.

28.     Defendants deny the allegations of Paragraph 28.

29.     Defendants deny the allegations of Paragraph 29.

30.     Defendants deny the allegations of Paragraph 30.

31.     Defendants deny the allegations of Paragraph 31.

32.     Defendants deny the allegations of Paragraph 32, except admit that Plaintiff's
employment was terminated by October 9, 2016..

33.     Defendants deny the allegations of Paragraph 33.

34.     Defendants deny the allegations of Paragraph 34.

35.     Defendants deny the allegations of Paragraph 35.

36.     Defendants deny the allegations of Paragraph 36.

37.     Defendants deny the allegations of Paragraph 37.

38.     Defendants restate and reallege their responses to the prior Paragraphs as if fully
set forth herein.

39.     Defendants deny the allegations of Paragraph 39, and as to statements which are
merely a prayer for relief, aver that no responsive pleading is required.

40.     Defendants restate and reallege their responses to the prior Paragraphs as if fully
set forth herein.

41.     Defendants deny the allegations of Paragraph 41.

42.     Defendants deny the allegations of Paragraph 42, and as to statements which are merely a prayer for relief, aver that no responsive pleading is required.

43.     Defendants restate and reallege their responses to the prior Paragraphs as if fully set forth herein.

44.     Defendants deny the allegations of Paragraph 44.

45.     Defendants deny the allegations of Paragraph 45.

46.     Defendants deny the allegations of Paragraph 46.

47.     Defendants deny the allegations of Paragraph 47, and as to statements which are merely a prayer for relief, aver that no responsive pleading is required.

48.     Defendants restate and reallege their responses to the prior Paragraphs as if fully set forth herein.

49.     Defendants deny the allegations of Paragraph 49.

50.     Defendants deny the allegations of Paragraph 50.

51.     Defendants deny the allegations of Paragraph 51.

52.     Defendants deny the allegations of Paragraph 52.

53.     Defendants deny the allegations of Paragraph 53, and as to statements which are merely a prayer for relief, aver that no responsive pleading is required.

54.     Defendants restate and reallege their responses to the prior Paragraphs as if fully set forth herein.

55.     Defendants deny the allegations of Paragraph 55.

56.     Defendants deny the allegations of Paragraph 56, and as to those statements which are merely a prayer for relief, aver that no responsive pleading is required.

57.     Defendants restate and reallege their responses to the prior Paragraphs as if fully set forth herein.

58.     Defendants deny the allegations of Paragraph 58.

59.     Defendants deny the allegations of Paragraph 59.

60.     Defendants deny the allegations of Paragraph 60, and as to statements which are merely a prayer for relief, aver that no responsive pleading is required.

61.     Defendants restate and reallege their responses to the prior Paragraphs as if fully set forth herein.

62.     Defendants deny the allegations of Paragraph 62.

63.     Defendants deny the allegations of Paragraph 63.

64.     Defendants deny the allegations of Paragraph 64, and as to statements which are merely a prayer for relief, aver that no responsive pleading is required.

65.     Defendants restate and reallege their responses to the prior Paragraphs as if fully set forth herein.

66.     Defendants deny the allegations of Paragraph 66.

67.     Defendants deny the allegations of Paragraph 67.

68.     Defendants deny the allegations of Paragraph 68.

69.     Defendants deny the allegations of Paragraph 69.

70.     Defendants deny the allegations of Paragraph 70, and as to statements which are merely a prayer for relief, aver that no responsive pleading is required.

71.     Defendants restate and reallege their responses to the prior Paragraphs as if fully set forth herein.

72.     Defendants deny the allegations of Paragraph 72.

73.      Defendants deny the allegations of Paragraph 73.

74.      Defendants deny the allegations of Paragraph 74, and as to statements which are merely a prayer for relief, aver that no responsive pleading is required.

75.      Defendants restate and reallege their responses to the prior Paragraphs as if fully set forth herein

76.      Defendants deny the allegations of Paragraph 76.

77.      Defendants deny the allegations of Paragraph 77.

78.      Defendants deny the allegations of Paragraph 78.

79.      Defendants deny the allegations of Paragraph 77, and as to statements which are merely a prayer for relief, aver that no responsive pleading is required.

38(2).   Defendants restate and reallege their responses to the prior Paragraphs as if fully set forth herein.[1]

39(2).   Defendants deny the allegations of Paragraph 39(2).

40(2).   Defendants deny the allegations of Paragraph 40(2).

41(2).   Defendants deny the allegations of Paragraph 41(2).

42(2).   Defendants deny the allegations of Paragraph 42(2).

43(2).   Defendants deny the allegations of Paragraph 43(2), and as to statements which are merely a prayer for relief, aver that no responsive pleading is required.

80.      Defendants restate and reallege their responses to the prior Paragraphs as if fully set forth herein.

81.      Defendants deny the allegations of Paragraph 81.

---

[1] Paragraphs labeled in the form XX(2) reflect the fact that in the Complaint, after Paragraph 79, six paragraphs are numbered from 38 through 43 (although those numbers had already appeared), with the numbering then returning to 80 thereafter.

82.     Defendants deny the allegations of Paragraph 82.

83.     Defendants deny the allegations of Paragraph 83.

84.     Defendants deny the allegations of Paragraph 84.

85.     Defendants deny the allegations of Paragraph 85.

86.     Defendants deny the allegations of Paragraph 86.

87.     Defendants deny the allegations of Paragraph 87.

88.     Defendants deny the allegations of Paragraph 88.

89.     Defendants deny the allegations of Paragraph 89.

**FIRST AFFIRMATIVE DEFENSE**

90.     Plaintiff is exempt from coverage under the FLSA as an adminstrative, mangerial, and/or professional employee.

**SECOND AFFIRMATIVE DEFENSE**

91.     Plaintiff was not an employee of any Defendant other than Orensanz Events LLC.

**THIRD AFFIRMATIVE DEFENSE**

92.     Plaintiff is exempt from coverage under the NYLL provisions cited.

**FOURTH AFFIRMATIVE DEFENSE**

93.     Plaintiff was responsible for compliance with the NYLL provisions cited, and cannot rely upon her own failure to perform her job responsibilities to make a claim.

**FIFTH AFFIRMATIVE DEFENSE**

94.     Plaintiff consented to a reduction in salary, and acted in accordance therewith, and cannot now be heard to complain.

**SIXTH AFFIRMATIVE DEFENSE**

95.     Plaintiff failed to fulfill her job responsibilities, and was in other respects a faithless servant, and is barred from recovery.

**SEVENTH AFFIRMATIVE DEFENSE**

96.     Plaintiff's claims are barred by the doctrines of waiver, estoppel and laches.

**EIGHTH AFFIRMATIVE DEFENSE**

97.     Plaintiff was at all times in control of the payment and amount of her salary.

**NINTH AFFIRMATIVE DEFENSE**

98.     Plaintiff is barred from recovery owing to the doctrine of unclean hands.

## AS AND FOR A FIRST COUNTERCLAIM

## BY ORENSANZ EVENTS LLC AGAINST PLAINTIFF

99.    During all relevant times and particularly from 2014 through her termination in 2016, Plaintiff maintained control of the books and accounts of Defendant Orensanz Events LLC.

100.    Owing to his illness, Plaintiff had considerable influence over Al Orensanz, and was able to control the flow of information to him and others, including Defendant Angel Orensanz.

101.    Plaintiff was also able to use her position of influence to control the actions of Defendant Orensanz Events LLC.

102.    Upon information and belief, Plaintiff maintained control of the flow of financial information to the bookkeepers an accountants for Orensanz Events LLC, and directed the filing and timing of filing of its required tax returns and other submissions to governmental authorities.

103.    Upon information and belief, Plaintiff caused Orensanz Events LLC to fail to timely file tax returns and other required submissions, and/or to misstate its earnings, income and expenses, causing Orensanz Events to incur penalties and fines, and unnecessary tax liability, and potentially cause further such penalties, fines and liability.

104.    Plaintiff knowingly or recklessly caused the foregoing to occur.

105.    Plaintiff did not disclose these penalties and fines to Orensanz Events, or document them in the records of the company, despite her obligation to do so as part of her employment.

106.    Defendant Orensanz Events LLC does yet not know the exact amount of the penalties and fines, but they are believed to be thousands of dollars.

107.    Plaintiff has not reimbursed Orensanz Events LLC for any of these penalties or

fines.

108.    Plaintiff is liable to Counterclaimant Orensanz Events LLC for the total amount of
these penalties and fines, and any interest due thereon, in an amount to be proven at trial.

## AS AND FOR A SECOND COUNTERCLAIM
## BY ANGEL ORENSANZ AS EXECUTOR OF THE ESTATE OF AL ORENSANZ
## AGAINST PLAINTIFF

109.    During all relevant times and particularly from 2014 until the time of his death,
Plaintiff assumed and maintained control of the financial affairs of Al Orensanz, who was
suffering from severe illness.

110.    Owing to his illness, Plaintiff had considerable influence over Al Orensanz, and
was able to control the flow of information to him and others, including Defendant Angel
Orensanz.

111.    Plaintiff was also able to use her position of influence to control the actions of Al
Orensanz, and to exert control over his financial affairs.

112.    Upon information and belief, Plaintiff maintained control of the flow of
information to the bookkeepers and accountants for Al Orensanz, and directed the filing and
timing of filing of his required tax returns and other submissions to governmental authorities.

113.    Upon information and belief, Plaintiff caused Al Orensanz to fail to timely file tax
returns and other required submissions, causing him to incur penalties and fines.  Plaintiff
knowingly or recklessly caused the foregoing to occur.

114.    Plaintiff did not disclose these penalties and fines to Al Orensanz or Angel
Orensanz.

115.    Defendants do not yet know the exact amount of the penalties and fines, but they are believed to be thousands of dollars.

116.    Plaintiff has not reimbursed Al Orensanz or the Estate for any of these penalties or fines.

117.    Plaintiff is liable to Counterclaimant Angel Orensanz as Executor of the Estate of Al Orensanz for the total amount of these penalties and fines, and any interest due thereon, in an amount to be proven at trial.

## AS AND FOR A THIRD COUNTERCLAIM

## ORENSANZ EVENTS LLC AGAINST PLAINTIFF

118.    Plaintiff exercised control over the books and records and affairs of Orensanz Events LLC, including the salaries and wages of its personnel.

119.    Upon information and belief, Plaintiff directed and effectuated the payment of salaries to Rene Rivera, a bookkeeper performing services for Orensanz Events LLC, beyond the time that Rivera's services were required or being performed.

120.    Upon information and belief, Plaintiff has dissipated the assets of Orensanz Events LLC without cause or justification, and in violation of her obligations of loyalty to her employer.

WHEREFORE, Defendants demand judgment: (1) dismissing the Complaint in its

entirety, with prejudice and with costs assessed against Plaintiff; and (2) granting judgment on

the Counterclaims in an amount to be proven at trial, with fees and costs as the Court may

determine; and (3) such other and further relief as the Court deems just.

Dated: New York, New York
       June 6, 2017


By: *(signature)*

Alfred N. Metz
Norris McLaughlin & Marcus, P.A.
875 Third Avenue, 8th Floor
New York, NY 10022
(212) 808-0700
Attorneys for Defendants